UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSE MAGDALENO RODRIGUEZ,<br><br>Plaintiff,<br>v.<br><br>BRIAN WILLIAMS, et al.,<br><br>Defendants. | Case No. 2:19-cv-00726-GMN-VCF<br><br>SCREENING ORDER |

Plaintiff, who is in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1, 1-1). Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available. The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

I.  **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be

liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that took place while he was incarcerated by the NDOC. (ECF No. 1-1 at 1-2). He sues Brian Williams, Dwayne Deal, James Dzurenda, and Frank Dreesen. (*Id.*) Plaintiff alleges four counts and seeks monetary damages, declaratory relief, and injunctive relief. (*Id.* at 8-10).

The complaint alleges the following: Plaintiff has been incarcerated since February of 1999. (*Id.* at 4). For the period from February 1999 to March 2019, Plaintiff should have had 20 credits applied to the <u>minimum</u> terms of his consecutive sentences pursuant to NRS 209.4465 and its amendments. (*Id.* at 3-4). Plaintiff alleges that the Nevada

3

Supreme Court's decisions in *Vonseydewitz v. Legrand*, Dkt No. 66159, 2015 WL 3936827 (Nev. June 24, 2015) (unpublished) and *Williams v. State Dep't of Corr.*, 402 P.3d 1260, 1262 (Nev. 2017) apply to his consecutive sentences that he already has served and that a state district court already found that these cases apply directly to him. (*Id.* at 5).

Based on these allegations, Plaintiff alleges four causes of action. Plaintiff alleges that each of the defendants were responsible for the violations at one or more times. (*Id.* at 5).

### A. Fourteenth Amendment – Due Process

Plaintiff alleges that Defendants' failure to properly apply good time credits to his minimum terms pursuant to NRS 209.4465, in violation of *Vonseydewitz* and *Williams*, was a violation of his Fourteenth Amendment right to procedural due process and substantive due process. (ECF No. 1-1 at 3-6).

In 1999, when Plaintiff alleges that he began serving his sentence, NRS 209.4465(7)(b) provided: "Credits earned pursuant to this section . . . Apply to eligibility for parole <u>unless the offender was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole</u>." NRS 209.4465(7) (emphasis added). In *Vonseydewitz v. Legrand*, Dkt No. 66159, 2015 WL 3936827 (Nev. June 24, 2015) (unpublished), the Nevada Supreme Court considered the proper interpretation of the underscored language when addressing the issue of whether Vonseydewitz, a habeas petitioner, was entitled to have his earned statutory credits applied to his parole eligibility date under NRS 209.4465(7)(b). *Id.* The court interpreted the language in NRS § 209.4465(7)(b) more broadly than NDOC officials had and held that NDOC officials had been improperly denying Vonseydewitz the deduction of statutory credits from his minimum sentence because he had committed an offense that required a minimum sentence but that did not explicitly require the offender to serve a minimum period of time before being considered for parole. (*Id.* at **2-3).

4

*Vonseydewitz* was an unpublished order. In 2017, in a published opinion, the Nevada Supreme Court reached the same conclusion regarding the proper interpretation of NRS 209.4465(7)(b) as it had in *Vonseydewitz*. *See Williams v. State Dep't of Corr.*, 402 P.3d 1260, 1262 (Nev. 2017).[1]

Plaintiff alleges that the failure to apply credits to his parole eligibility date in accordance with the Nevada Supreme Court's interpretation of 209.4465(7)(b) violated his right to due process. However, allegations that a defendant violated state law are not sufficient to state a claim for violation of the Fourteenth Amendment's due process clause. *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011). Thus, Plaintiff's allegations that Defendants violated NRS § 209.4465(7) are not sufficient to state a due process claim.

In order to state a Fourteenth Amendment procedural due process claim, a plaintiff must adequately allege that he was denied a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures. *Swarthout*, 562 U.S. at 219. Plaintiff must also adequately allege the denial of a liberty interest in order to state a colorable Fourteenth Amendment substantive due process claim. *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006).

Nevada state prisoners do not have a liberty interest in the discretionary grant of parole or in eligibility for such parole. *See Moor v. Palmer*, 603 F.3d 658, 661-62 (9th Cir. 2010); *Fernandez v. Nevada*, No. 3:06-CV-00628-LRH-RA, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009).

In some circumstances, state statutory requirements mandating the treatment of good time credits in particular ways will necessarily impact the duration of the prisoner's confinement. An inmate has no due process liberty interest in "good time credits" unless a state law creates such an interest. *See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 8–11 (1979). In *Sandin v. Conner*, 515 U.S. 472

---

[1] Neither *Vonseydewitz* nor *Williams* had any effect on the deduction of credits from the maximum term because the limiting language at issue in that case was in NRS 209.4465(7)(b), not 209.4465(7)(a).

5

(1995), the Supreme Court characterized the issue regarding the treatment of good time credits as a liberty interest in a "shortened prison sentence" which resulted from a statutory requirement that good time credits were revocable only if the prisoner was guilty of serious misconduct. *Sandin*, 515 U.S. at 477 (quoting *Wolff*, 418 U.S. at 557). The Supreme Court then went on to hold that, even when a state statute uses mandatory language creating rights under state law, a state can create a liberty interest that invokes procedural protections under the Due Process Clause only if the state's action "will *inevitably* affect the duration of his sentence" or if there are prison conditions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 487 (emphasis added).

Here, the question is whether the alleged failure to apply credits to Plaintiff's parole eligibility dates inevitably affects the duration of Plaintiff's sentences. It does not. This is not a situation where the application of credits would necessarily affect the expiration date of Plaintiff's sentences. Even if Plaintiff were to have good time credits applied to his parole eligibility dates, the maximum terms for his sentences would not change. Plaintiff's claims affect only his parole eligibility dates.[2] Nevada's parole scheme intentionally and explicitly makes parole discretionary; an offender therefore is not required to be released once he serves the minimum term and is only considered for parole at that time. *See Moor*, 603 F.3d at 661-62. Thus, an earlier parole eligibility date does not inevitably affect the duration of a prisoner's sentence. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding that speeding up *consideration* for parole does not necessarily imply the invalidity of the duration of the prisoner's sentence); *Klein v. Coblentz*, 1997 WL 7675384, *4 (10th Cir. 1995) (relying on *Sandin* to hold that, where good time credits applied under state law only to determining the prisoner's parole eligibility date and not to a sentence

---

[2] Plaintiff repeatedly alleges that the failure to apply the credits to his minimum terms has led to his confinement. (ECF No. 1-1 at 4, 7, 8). Plaintiff challenges only the calculation of his parole eligibility dates. Any assertion that Plaintiff served excessive time therefore is mere speculation as he could have been considered for parole and denied parole. Furthermore, if the alleged inaccurate calculation of his parole eligibility dates did necessarily affect the duration of Plaintiff's confinement, his claims probably would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

6

reduction, the loss of credits did not inevitably increase the duration of the sentence and there was no liberty interest giving rise to due process protections). Therefore, Plaintiff does not adequately allege a liberty interest and does not and cannot state a procedural due process claim or a substantive due process claim. Accordingly, the Court dismisses the due process claims with prejudice, as amendment would be futile.

### B. Eighth Amendment – Cruel and Unusual Punishment

Plaintiff alleges that Defendants' failure to properly apply good time credits to his minimum terms pursuant to NRS 209.4465 in accordance with *Vonseydewitz v. Legrand*, Dkt No. 66159, 2015 WL 3936827 (Nev. June 24, 2015) (unpublished), and *Williams v. State Dep't of Corr.*, 402 P.3d 1260, 1262 (Nev. 2017), was cruel and unusual punishment, in violation of the Eighth Amendment. (*Id.* at 8).

Because imprisonment is punitive, officials who detain a person may violate that person's rights under the Eighth Amendment if they act with deliberate indifference to the prisoner's *liberty interest*. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). For the reasons discussed above, Plaintiff has not adequately alleged a liberty interest and cannot do so. As a result, he cannot state a colorable Eighth Amendment claim. Accordingly, the Court dismisses the Eighth Amendment claims with prejudice, as amendment would be futile.

### C. Ex Post Facto Clause

Plaintiff alleges that, in light of the correct interpretation of NRS 209.4465 and the determination by the Nevada Supreme Court in *Williams* that Defendants' interpretation of the statute was incorrect, Defendants have violated the Ex Post Facto Clause in Article I, Section 10 of the United States Constitution by applying the exclusionary criteria in NRS 209.4465(8) to deny Plaintiff the application of good time credits to the minimum terms of his sentences. (ECF No. 1-1 at 7).

NRS 209.4465(8), which went into effect in July of 2007, imposed exceptions to NRS 209.4465(7)(b) and provided that prisoners convicted of certain types of offenses,

such as category A and category B felonies, would not have their earned credits deducted from the minimum terms imposed by their sentences. NRS 209.4465(8) (2007).

To fall within the *ex post facto* prohibition, a law must be retrospective, which means that it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. *Lynce v. Mathis*, 519 U.S. 433, 441 (1997).

*Williams* did not involve an *ex post facto* issue and did not involve NRS 209.4465(8). Rather, as discussed above, *Williams* concerned the incorrect interpretation of the language in NRS 209.4465(7)(b). However, an incorrect application of the law is not sufficient to demonstrate an *ex post facto* violation. In fact, in *Vonseydewitz*, the Nevada Supreme Court found that prison officials had incorrectly interpreted NRS 209.4465(7)(b), and it rejected the petitioner's *ex post facto* claim. *Vonseydewitz v. Legrand*, No. 66159, 2015 WL 3936827, at *3 (Nev. June 24, 2015). The court explained that the NDOC officials were not applying NRS 209.4465(8) retroactively but rather were misapplying the exception in NRS 209.4465(7)(b). *Id.* Indeed, it would be difficult for an official to simultaneously commit an *ex post facto* claim and to misapply NRS 209.4465(7)(b); an official either applied NRS 209.4465(8) retroactively and found that NRS 209.4465(8) precluded the application of NRS 209.4465(7)(b) or it determined that NRS 209.4465(7)(b) was the applicable statutory subsection but misinterpreted and misapplied it. Here, Plaintiff alleges that the state court found that *Williams* and *Vonseydewitz,* which concerned the misinterpretation and misapplication of NRS 209.4465(7)(b), apply directly to him. (*Id.* at 5). Such allegations do not and cannot state a colorable *ex post facto* claim. Accordingly, the Court dismisses the *ex post facto* claims with prejudice, as amendment would be futile.

### D. State Law Claims

In Count II, Plaintiff alleges that the failure to apply good time credits to his minimum terms resulted in emotional distress and false imprisonment. (ECF No. 1-1 at 6-7). The Court construes these allegations as state law claims for intentional infliction

8

of emotional distress and false imprisonment. Section 1983 does not provide a cause of action for violations of state law. *See Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007). The Court therefore does not have original jurisdiction over the state law claims. Although this Court does not have original jurisdiction over state law claims between Nevada residents, under certain limited conditions it may choose to exercise supplemental jurisdiction over a plaintiff's state law claims if the claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, because Plaintiff has not stated any colorable claim over which this Court has original jurisdiction, the Court will not exercise supplemental jurisdiction over a state law claim. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction.") The Court therefore dismisses the state law claims without prejudice and without leave to amend.

### III. CONCLUSION

For the foregoing reasons, it is therefore ordered that Plaintiff's application to proceed in forma pauperis (ECF No. 1) without having to prepay the full filing fee is GRANTED. The Clerk of Court SHALL FILE the complaint. (ECF No. 1-1). Plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Jose Magdalano Rodriguez, # 62375 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a

9

copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even if this action is dismissed, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

It is further ordered that Plaintiff's Fourteenth Amendment procedural and substantive due process claims, Eighth Amendment claims, and *ex post facto* claims are dismissed with prejudice, as amendment would be futile

It is further ordered that Plaintiff's state law claims are dismissed without prejudice and without leave to amend as the Court will not exercise supplemental jurisdiction over the state law claims.

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

It is further ordered that the Clerk of the Court shall enter judgment accordingly and close this case.

DATED THIS 13 day of January 2020.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE